BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| In re: Uber TCPA Litigation | ) ) ) ) | MDL Docket No. |

**MOTION TO TRANSFER RELATED ACTIONS TO THE
NORTHERN DISTRICT OF ILLINOIS PURSUANT TO 28 U.S.C. § 1407
FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Movant Carmellia Calmese, who is the plaintiff in *Calmese v. Uber Technologies, Inc.*, No. 16-cv-06277 (N.D. Ill.), hereby moves the Judicial Panel on Multidistrict Litigation (the "Panel") for transfer and consolidation of the actions listed below and in the accompanying Schedule of Actions (collectively, the "Scheduled Actions") pursuant to 28 U.S.C. § 1407, and respectfully requests that this Panel enter an order transferring the Scheduled Actions to the United States District Court for the Northern District of Illinois for consolidated or coordinated pretrial proceedings. As stated below and in the accompanying memorandum, the Scheduled Actions consist of eleven separate lawsuits including ten class actions, and all share a common legal theory contending that Uber Technologies, Inc. ("Uber") unlawfully made unauthorized, automated text message calls to plaintiffs and other similarly situated individuals in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Transfer and consolidation is necessary to avoid inconsistent pretrial rulings, duplicative discovery obligations, and inconsistent class certification rulings, and to promote the just and efficient conduct of this litigation. In support of her motion, Movant states as follows:

1.      Movant is the named plaintiff in *Calmese v. Uber Technologies, Inc.*, No. 16-cv-06277 (N.D. Ill.), one of the Scheduled Actions at issue.

2. All of the Scheduled Actions arise out of Uber's conduct, and they involve substantially similar facts and identical legal claims. Namely, each of the plaintiffs in the Scheduled Actions asserts that Uber violated the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, by making unsolicited, automated text message calls to the cellphones of consumers across the country.

3. The Scheduled Actions include ten putative class actions and one individual action.

    a. <u>Putative Class Actions</u>

- *Calmese v. Uber Technologies, Inc.*, No. 16-cv-06277 (N.D. Ill.)
- *Cubria v. Uber Technologies, Inc.*, 16-cv-00544 (W.D. Tex.)
- *Charles Christopher Johnson v. Uber Technologies, Inc.*, 16-cv-05468 (N.D. Ill.)
- *Matthew Johnson v. Uber Technologies, Inc.*, 16-cv-50113 (N.D. Ill.)
- *Kafatos v. Uber Technologies, Inc.*, 15-cv-03727 (N.D. Cal.)
- *Kolloukian v. Uber Technologies, Inc.*, 15-cv-02856 (C.D. Cal.)
- *Lainer v. Uber Technologies, Inc.*, 15-cv-09925 (C.D. Cal.)
- *Lathrop et al. v. Uber Technologies, Inc.*, 14-cv-05678 (N.D. Cal.)
- *Shaver v. Uber Technologies, Inc.*, 16-cv-22067 (S.D. Fla.)
- *Vergara v. Uber Technologies, Inc.*, 15-cv-06942 (N.D. Ill.)

    b. <u>Individual Civil Actions</u>

- *Norman v. Uber Technologies, Inc.*, 3:16-cv-02907 (N.D. Cal.)

4. Movant is not aware of any other related actions currently pending in any federal court.

5. Movant proposes that all eleven Scheduled Actions identified above and in the attached Schedule of Actions, in addition to any other subsequently-filed related actions, be

transferred to Judge Sharon Johnson Coleman of the U.S. District Court for the Northern District of Illinois, Eastern Division, for coordinated or consolidated pretrial proceedings.

6. Centralization of the Scheduled Actions in a single judicial district for coordinated or consolidated pretrial proceedings will promote the just and efficient conduct of the Scheduled Actions, serve the convenience of all parties and witnesses, and further the interests of justice. Each Scheduled Action arises from the same or similar set of facts involving automated text message calls that Uber placed to individuals' cellphones without having obtained valid, prior express consent from the parties called, or after consent was revoked, and each plaintiff seeks relief from Uber under the TCPA.

7. Transferring the Scheduled Actions to a single court for coordinated pretrial proceedings will conserve judicial resources, reduce litigation costs, prevent potentially inconsistent pretrial rulings, and permit the cases to proceed to trial more efficiently. Further, because discovery in each of the Scheduled Actions will involve nearly identical witnesses and documents, transfer and consolidation would also avoid duplicative discovery to the benefit of plaintiffs and Uber.

8. Transfer of the Scheduled Actions is most appropriate to Honorable Sharon Johnson Coleman, United States District Judge for the Northern District of Illinois, Eastern Division, because (i) Judge Coleman currently presides over the *Calmese* action; (ii) Judge Coleman is located in Chicago, one of Uber's top five markets in the U.S., by revenue; (iii) Uber conducts business in Chicago and has offices there; (iv) at least four of the named plaintiffs reside in the Northern District of Illinois; (v) four of the Scheduled Actions are pending in the Northern District of Illinois—the most of any relevant district; (vi) the Northern District of Illinois would serve as a convenient, centrally located forum for parties and witnesses spread across the United

States; and (vii) the Northern District of Illinois is experienced and efficient at handling complex litigation and MDLs. Additionally, Judge Coleman is a well-regarded judge who has no other pending MDLs and is experienced and qualified to preside over an MDL.

9. This Motion is supported by the accompanying *Plaintiff's Brief in Support of Joint Motion to Transfer Related Actions to the Northern District of Illinois Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings*, as well as any other materials or oral argument that may be presented to the Panel before or at the time of any hearing on this matter.

WHEREFORE, Movant Carmellia Calmese respectfully requests that the cases listed in the contemporaneously-filed Schedule of Actions, and any other subsequently-filed related actions, be transferred to and consolidated before Judge Sharon Johnson Coleman of the U.S. District Court for the Northern District of Illinois, Eastern Division.

Dated: June 22, 2016

Respectfully submitted,

By: /s/ *Michael J. McMorrow*
Michael J. McMorrow
McMORROW LAW, P.C.
One North LaSalle Street, 44th Floor
Chicago, Illinois 60602
Tel: (312) 265-0708
mike@mjmcmorrow.com

*Attorney for Plaintiff Carmellia Calmese*