BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., TELEPHONE CONSUMER PROTECTION ACT (TCPA) LITIGATION | MDL No. 2733 |

RESPONSE OF INTERESTED PARTIES JAMES LATHROP, JENNIFER REILLY, JONATHAN GRINDELL, SANDEEP PAL, AND JUSTIN BARTOLET TO MOTION TO TRANSFER RELATED ACTIONS FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS

**I.     Introduction**

Pursuant to Rule 6.2(e) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, James Lathrop, Jennifer Reilly, Jonathan Grindell, Sandeep Pal, and Justin Bartolet (the "*Lathrop* Plaintiffs"), plaintiffs in *Lathrop et al. v. Uber Technologies, Inc.*, No. 14-cv-05678-JST (N.D. Cal.) (the "*Lathrop* Matter"), submit their response to the Motion to Transfer Related Actions for Coordinated or Consolidated Pretrial Proceedings filed by Carmellia Calmese, the plaintiff in *Calmese v. Uber Technologies, Inc.*, No. 16-cv-06277 (N.D. Ill.) (the "*Calmese* Motion").

For the reasons set forth herein, the *Lathrop* Plaintiffs (1) support transfer and consolidation under 28 U.S.C. § 1407, and (2) support transferring the cases to the United States District Court for the Northern District of California to be heard before the Honorable Judge Jon S. Tigar. Transfer would serve the interests of the courts, parties, witnesses, and counsel, and will promote the just and efficient conduct of the cases. In addition, the Northern District of California is an eminently suitable forum, and Judge Tigar—an experienced multidistrict litigation judge before whom two of the Scheduled Actions, including the first-filed and most advanced one—would be an appropriate judge for the Panel to select. In the alternative, should the Panel decide to transfer and consolidate the cases somewhere other than the Northern District

of California, the *Lathrop* Plaintiffs support the *Calmese* Motion's request to transfer and consolidate the cases in the Northern District of Illinois, Eastern Division, because the *Lathrop* Plaintiffs agree that the Northern District of Illinois is a suitable forum for this litigation.

## II.     The Cases Should Be Transferred and Consolidated for Pretrial Proceedings

The *Lathrop* Plaintiffs agree with the reasons set forth in the *Calmese* Motion that the cases should be transferred and consolidated for pretrial proceedings, pursuant to 28 U.S.C. § 1407. As discussed therein, all of the scheduled actions involve claims stemming from Uber Technologies, Inc.'s ("Uber") sending unauthorized, automated text messages in violation of the Telephone Consumer Protection Act ("TCPA"), and the Panel regularly holds that consolidation of such cases is appropriate. Dkt. 1-1 at 4-6. Further, although one of the cases additionally brings a state law claim, the fact that all of the cases involve TCPA claims merits in favor of transfer and consolidation. *Id.* at 7-8. As discussed in the *Calmese* Motion, transfer of the actions will serve the interests of the courts, parties, witnesses, and counsel, and will promote the just and efficient conduct of the cases. *Id.* at 8-10.

Additionally, transfer and consolidation will not burden or prejudice Uber of any of the other parties. *Id.* at 10-12. Indeed, the *Lathrop* Plaintiffs are the group that could make the most legitimate claim that transfer and consolidation could cause them prejudice because, as the *Calmese* Motion concedes, the *Lathrop* Matter is the oldest and most advanced of the cases. *Id.* at 11. With that in mind, however, the *Lathrop* Plaintiffs favor transfer and consolidation and do not believe that they will be prejudiced. The Panel has previously rejected the argument "that centralization might delay the progress of the [] earliest-filed" cases, and the *Lathrop* Plaintiffs agree with that reasoning here, as well. *See In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 657 F. Supp. 2d 1375, 1376 (J.P.M.L. 2009). Indeed, the *Lathrop*

Plaintiffs believe that there is a legitimate risk that unconsolidated litigation in other fora could undermine the work and effort that they have undertaken in the Northern District of California. For instance, Uber has been quite resistant to discovery, and the *Lathrop* Plaintiffs successfully staved off an effort by Uber to resolve the case on summary judgment without the benefit of the necessary discovery. No. 14-cv-05678-JST (N.D. Cal.), Dkt. 201 (July 7, 2016). Discovery has now resumed, and Plaintiffs believe that an MDL is the most appropriate and efficient mechanism by which to resolve the class and summary judgment issues in these cases, in order to avoid the risk of overlapping classes or contradictory rulings. Dkt. 1-1 at 11.

Finally, the number of cases at issue weighs in favor of transfer. In addition to the 11 cases referenced in the *Calmese* Motion, Dkt. 1 at 2, an additional case was recently filed. Dkt. 19. While the *Lathrop* Matter was filed in 2014, of the 12 cases at issue presently, six of them were filed in just the first half of this year alone, so the number of TCPA cases against Uber seems to be increasing exponentially. Although the Panel routinely grants consolidation where the number of cases at issue is less than the number at issue here,[1] consolidation is particularly appropriate where the number of related actions only stands to increase, and a denial of consolidation here might only lead to a renewed motion to consolidate in the future. *See In re Fedex Ground Package Sys., Inc., Emp't Practices Litig. (No. II)*, 381 F. Supp. 2d 1380, 1381 (J.P.M.L. 2005) (granting consolidation of 15 actions and 10 related tag-along actions where

---

[1] *See, e.g.*, *In re Interest Rate Swaps Antitrust Litig.*, ___ F. Supp. 3d ____, MDL No. 2704, 2016 WL 3101844 (J.P.M.L. June 2, 2016) (consolidating matter involving two actions and four potential tag-alongs); *In re Genentech Herceptin (trastuzumah) Mktg. & Sales Practices Litig.*, ___ F. Supp. 3d ____, MDL No. 2700, 2016 WL 1402950 (J.P.M.L. Apr. 7, 2016) (nine actions); *In re Windsor Wood Clad Window Prods. Liab. Litig.*, ___ F. Supp. 3d ____, MDL No. 2688, 2016 WL 1402895 (J.P.M.L. Apt. 7, 2016) (four actions with three potential tag-alongs); *In re Simply Orange Orange Juice Mktg. & Sales Practices Litig.*, 867 F. Supp. 2d 1344 (J.P.M.L. 2012) (two actions).

Panel had previously denied consolidation of seven cases because "the number of pending actions has quadrupled, which underscores the need for economies of scale that centralized pretrial management of these actions will provide").

### III. The Scheduled Actions Should Be Transferred To Judge Jon S. Tigar Of The Northern District Of California

The *Lathrop* Plaintiffs believe that the Northern District of California is the forum to which the cases should be transferred, to be heard by the Honorable Judge Jon S. Tigar. Transfer to the Northern District of California is appropriate for a number of reasons.

*First*, as the *Calmese* Motion concedes, the *Lathrop* Matter, which is pending before Judge Tigar in the Northern District of California, "is the oldest and most advanced" of the actions. Dkt. 1-1 at 11. The *Lathrop* Matter is the only case that was filed in 2014. *Id.* The rest were filed several months, or over a year, later in 2015 and 2016. *Id.* In granting transfer and consolidation, the Panel frequently transfers cases to the court where the first-filed and most advanced case is proceeding. *E.g.*, *In re Monitronics Int'l, Inc., TCPA Litig.*, 988 F. Supp. 2d 1364, 1367 (J.P.M.L. 2013) (transferring cases to district where "first-filed action, which also is the most advanced, is pending"); *In re Activated Carbon-Based Hunting Clothing Mktg. & Sales Practices Litig.*, 626 F. Supp. 2d 1358, 1359 (J.P.M.L. 2009) (same); *In re Enterprise Rent-A-Car Wage & Hour Emp't Practices Litig.*, 626 F. Supp. 2d 1325, 1326 (J.P.M.L. 2009) (same). Because the *Lathrop* Matter is the oldest and most procedurally advanced, transfer to the Northern District of California is appropriate.

*Second*, the venue of the pending locations either favors transfer to the Northern District of California or, at the least, does not specifically favor the Northern District of Illinois. In the *Calmese* Motion, the movant identified four cases pending in the Northern District of Illinois and three pending in the Northern District of California. Dkt. 1 at 2. After the *Calmese* Motion was

4

filed, an additional related case, *Moore v. Uber Technologies, Inc.*, No. 16-cv-03870 (N.D. Cal.), was filed in the Northern District of California. Dkt. 19. Therefore, the same number of cases are pending in the Northern District of California and the Northern District of Illinois. Thus, contrary to the *Calmese* Motion's assertion, the Northern District of Illinois is *not* the court where "the most [cases] of any federal district" are pending. Dkt. 1-1 at 13. Moreover, in addition to the four cases currently pending in the Northern District of California, an additional two cases are pending in the nearby Central District of California. Dkt. 1 at 2. The pendency of cases in nearby districts is also relevant in choosing a transferee court. *E.g.*, *In re Monsanto Co. Genetically-Engineered Wheat Litig.*, 978 F. Supp. 2d 1373, 1373 (J.P.M.L. 2013) (noting actions "pending in nearby districts" in selecting transferee court). Therefore, the venue of the pending locations favors transfer to the Northern District of California, or, at a minimum, it does *not* favor transfer to the Northern District of Illinois.

*Third*, Judge Jon S. Tigar's familiarity with the issues in this case merits in favor of transfer to the Northern District of California. Judge Tigar has presided over the longest-pending case. In that capacity, he has ruled on a motion to dismiss, a motion to stay, a Rule 56(d) motion, and he and his magistrate have handled several discovery-related disputes. *See* Dkt. 1-1 at 11; *see also* Dkt. 1-4. Judge Tigar is also the judge before whom *Kafatos v. Uber Technologies, Inc.*, No. 15-cv-03727-JST (N.D. Cal.), is pending. Dkt. 1-2. Judge Tigar is the only judge before whom more than one case is proceeding. *Id.* Considering that, and that the *most advanced case* is one of the cases before him, transfer to Judge Tigar's Court is appropriate. *E.g.*, *In re Hyundai & Kia Fuel Econ. Litig.*, 923 F. Supp. 2d 1364, 1366 (J.P.M.L. 2013) (transferring to judge who presided over "first-filed and most procedurally advanced" case who was, therefore, "familiar with the contours of this litigation and [] uniquely situated to steer this litigation on a prudent

course"); *In re Blue Cross Blue Shield Antitrust Litig.*, 908 F. Supp. 2d 1373, 1376 (J.P.M.L. 2012) (transferring to judge "who is already familiar with the contours of the litigation and has taken preliminary steps to organize the litigation"); *In re Bank of Am. Credit Prot. Mktg. & Sales Practices Litig.*, 804 F. Supp. 2d 1372, 1373 (J.P.M.L. 2011) (transferring to judge "who has become familiar with the contours of this litigation by virtue of having ruled on defendants' motion to dismiss").

In addition to being uniquely familiar with TCPA litigation against Uber, Judge Tigar has presided over a number of other TCPA actions. *See, e.g.*, *Duguid v. Facebook, Inc.*, No. 15-cv-00985-JST, 2016 WL 1169365 (N.D. Cal. Mar. 24, 2016); *True Health Chiropractic, Inc. v. McKesson Corp.*, No. 13-cv-02219-JST, 2013 WL 600539 (N.D. Cal. Nov. 12, 2013). Therefore, Judge Tigar's familiarity with the underlying legal issues also merits in favor of transfer to his Court. *E.g.*, *In re Automated Transactions LLC Patent Litig.*, 938 F. Supp. 1353, 1354 (J.P.M.L. 2013) (assigning patent MDL to "transferee judge who is undoubtedly familiar with the issues in this patent litigation"); *In re Dollar Gen. Corp. Fair Labor Standards Act Litig.*, 346 F. Supp. 2d 1368, 1370 (J.P.M.L. 2004) (assigning Fair Labor Standards Act ("FLSA") MDL to judge who had previously certified collective action under FLSA).

*Fourth*, as the *Calmese* Motion states, Judge Tigar currently has an MDL case pending before him. Dkt. 1-1 at 15. Experience presiding over MDL actions is a factor the Panel considers in selecting a transferee judge. *In re Celexa & Lexapro Prods. Liab. Litig.*, 416 F. Supp. 2d 1361, 1362 (J.P.M.L. 2006) ("we are assigning this docket to a jurist experienced in complex multidistrict litigation"); *In re Viagra Prods. Liab. Litig.*, 414 F. Supp. 2d 1357, 1358 (J.P.M.L. 2006) (same); *In re Vitamin C Antitrust Litig.*, 416 F. Supp. 2d 1352, 1353 (J.P.M.L.

2006) (noting transferee judge's "prior, successful experience in the management of Section 1407 litigation"). Therefore, transfer to Judge Tigar's court is appropriate.[2]

*Fifth*, the Northern District of California is as well situated, if not even better situated, than the Northern District of Illinois, to manage consolidated pretrial proceedings. The Northern District of California has also consistently handled and resolved complex MDL matters, having terminated 89 MDL cases since 1971.[3] Only 18 MDLs are currently pending in the Northern District of California.[4] Both of these numbers are nearly identical to the statistics cited in the *Calmese* Motion regarding the Northern District of Illinois. Dkt. 1-1 at 15. Additional statistics suggest that the Northern District of California's dockets are currently less congested than the Northern District of Illinois. According to Federal Court Management Statistics compiled by the United States Courts, the judges of the Northern District of California have an average of 508 cases pending before them, and civil cases take an average of 23.9 months to proceed from filing to trial.[5] By contrast, the judges of the Northern District of Illinois have an average of 767 cases pending before them, and civil cases take an average of 38.6 months to proceed from filing to

---

[2] That Judge Tigar already has an MDL matter pending before him should not prevent the Panel from transferring another MDL matter to him. Three judges in the Northern District of California have multiple MDLs pending before them, including one who currently has four MDLs pending. *Pending MDLs By District as of June 15,* 2016, at 1, *available at* http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-June-15-2016.pdf (last visited July 18, 2016).

[3] *Multidistrict Litigation Terminated Through September 30, 2015*, at 34, *available at* http://www.jpml.uscourts.gov/sites/jpml/files/JPML_Cumulative_Terminated_Litigations-FY-2015.pdf (last visited July 18, 2016).

[4] *Pending MDLs By District as of June 15,* 2016, at 1, *available at* http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-June-15-2016.pdf (last visited July 18, 2016).

[5] *Federal Court Management Statistics*, at 66, *available at* http://www.uscourts.gov/file/19995/download.

trial.[6] This suggests that the Northern District of California is more likely to efficiently manage a consolidated litigation.

*Finally*, Uber's location favors consolidation of the litigation in the Northern District of California. Uber's corporate headquarters is located in San Francisco, California. *E.g.*, Dkt. 1-4 at 26. The Panel frequently identifies the location of defendants as a preferred location for a transferee district. *E.g.*, *In re Interest Rate Swaps Antitrust Litig.*, 2016 WL 3101844, at *2 (transferring litigation to district "given that most defendants are based there"); *In re Dollar Gen. Corp. Motor Oil Mktg. & Sales Practices Litig.*, . ___ F. Supp. 3d ____, MDL No. 2709, 2016 WL 3101838, at *2 (J.P.M.L. June 2, 2016) (transferring to district containing defendant's headquarters). Moreover, because Uber is located in the Northern District of California, it is more likely that any additional cases will be filed there than any other court. "[T]he likelihood of additional actions being filed in the [transferee district]" is another relevant factor that favors transfer to the Northern District of California. *In re Dow Chem. Co. Sarabond Prods. Liab. Litig.*, 650 F. Supp. 187, 189 (J.P.M.L. 1986).

**IV.    Conclusion**

For the reasons set forth herein, the *Lathrop* Plaintiffs respectfully request that the Panel (1) consolidate the pending cases for pretrial proceedings and (2) transfer the proceedings to the Northern District of California to be heard by the Honorable Judge Jon S. Tigar. Alternatively, should the Panel decide to consolidate the cases but transfer them elsewhere, Plaintiffs support the *Calmese* Motion's request to transfer the proceedings to the Northern District of Illinois, Eastern Division.

---

[6] *Id.* at 47.

| | | |
|---|---|---|
| Dated: July 21, 2016 | By: | */s/ Hassan A. Zavareei* |

             **TYCKO & ZAVAREEI LLP**
             Hassan A. Zavareei
             hzavareei@tzlegal.com
             Andrea R. Gold
             agold@tzlegal.com
             Andrew J. Silver
             asilver@tzlegal.com
             1828 L Street, NW, Suite 1000
             Washington, DC 20036
             Telephone (202) 973-0900
             Facsimile (202) 973-0950

             Kristen Law Sagafi
             ksagafi@tzlegal.com
             483 Ninth Street, Suite 200
             Oakland, CA 94607
             Telephone: (510) 907-7255
             Facsimile: (202) 973-0950

             *Attorneys for Plaintiffs James Lathrop, Jennifer Reilly, Jonathan Grindell, Sandeep Pal, and Justin Bartolet*