BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| In re: Uber Technologies, Inc., Telephone Consumer Protection Act (TCPA) Litigation | ) ) ) ) | MDL No. 2733 |

**PLAINTIFF MARIA VERGARA'S RESPONSE SUPPORTING TRANSFER AND COORDINATION OF ACTIONS IN THE NORTHERN DISTRICT OF ILLINOIS**

Maria Vergara, the Plaintiff in the action captioned *Vergara v Uber Technologies, Inc.*, No. 15-cv-06942 (N.D. Ill.), pursuant to 28 U.S.C. § 1407 and Rule 6.2(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, hereby files this Response in support of Movant Carmellia Calmese's Motion to Transfer and Consolidate Related Actions to the Northern District of Illinois Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings (the "Motion to Transfer"). For her Response in support of the Motion to Transfer, Plaintiff states as follows:

**I.      Transfer And Coordination Or Consolidation Is Appropriate.**

Transfer and coordination or consolidation is both appropriate and necessary because all of the lawsuits listed in the Movant's Motion to Transfer involve substantially similar questions of law and fact that arise from the same course of conduct by the same Defendant. Like the other lawsuits, Plaintiff Vergara's lawsuit asserts claims against Defendant, Uber Technologies, Inc. ("Uber"), alleging that Uber violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), by sending automated text message calls to the cellular telephones of consumers throughout the country.

Transfer and coordination serves the best interests of all involved. Economically, coordination will conserve the resources of the judiciary, the parties, and counsel. Coordination will also prevent or minimize the risk of disparate rulings from different courts on the same issues,

which is especially relevant to issues involving Uber's use of an "automatic telephone dialing system" to send text messages. Without the benefit of coordination and consolidation, the parties and judiciary will be forced to needlessly spend time, money, and resources litigating similar or identical issues in parallel litigation. For example, production of discovery, deposition of experts, and briefing on pre-trial merits issues, including the equipment and software used by Uber to send text messages – an issue common to all of the cases – will have to be replicated in all of the actions, even though all such actions could be accomplished in a single MDL.

**II.     The Northern District Of Illinois Is The Best Venue For Transfer & Consolidation.**

Plaintiff agrees with the Movant's request that the cases be transferred to, and consolidated in, the Northern District of Illinois. However, Plaintiff believes the cases should be transferred to Judge Thomas M. Durkin, the presiding judge of the lowest numbered member case pending in the Northern District of Illinois. Judge Durkin has the experience to oversee this MDL and resolve the relevant issues presented, and Judge Durkin is not presently presiding over any other MDLs.[1]

Further, the Northern District of Illinois is the best geographic location to which these cases should be transferred. Plaintiff Vergara's case is already pending in the Northern District of Illinois, and it appears that four out of the twelve cases[2] comprising this MDL are located in the Northern District of Illinois, with all four of the cases being class actions—more class actions than are pending in any other District. Additionally, the Northern District of Illinois is the most convenient forum for Plaintiff Vergara, as she and her counsel are both located in the Chicago area.

---

[1] *Pending MDLs by District as of July 15,* 2016, at 2, available at http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-July-15-2016.pdf.
[2] When the Motion to Transfer was originally filed, it listed eleven TCPA cases against Uber. Since then, another case, captioned *Moore v. Uber Technologies, Inc.*, No. 16-cv-03870 (N.D. Cal.), was filed on July 11, 2016. It is likely that there will be additional cases filed in the future.

WHEREFORE, Plaintiff Maria Vergara respectfully request that the Panel enter an Order granting the Movant's Motion to Transfer Related Actions for Coordinated or Consolidated Pretrial Proceedings, and that such coordination be centralized in the Northern District of Illinois before Judge Durkin.

Dated: July 21, 2016 　　　　　　　　　　　　　Respectfully submitted,

By: /s/ *Paul T. Geske*

Evan M. Meyers
Paul T. Geske
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
emeyers@mcgpc.com
pgeske@mcgpc.com

*Attorneys for Plaintiff Vergara*