UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: UBER TECHNOLOGIES, INC., TELEPHONE
CONSUMER PROTECTION ACT (TCPA) LITIGATION                    MDL No. 2733


ORDER DENYING TRANSFER


**Before the Panel:**[*] Plaintiffs in one action in the Northern District of Illinois (*Calmese*) move under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of Illinois. This litigation currently consists of eight actions pending in five districts, as listed on Schedule A.[1] The actions allege that Uber Technologies, Inc. (Uber) violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, by sending unsolicited text messages to plaintiffs' wireless telephones without their prior express consent or after they revoked consent, using an automatic telephone dialing system.[2]

Defendant Uber opposes centralization. All responding plaintiffs support centralization, but differ on the transferee district. Plaintiffs in one Northern District of California action on the motion (*Lathrop*) and one related action support centralization in the Northern District of California and, alternatively, propose the Northern District of Illinois. Plaintiffs in four other actions support centralization in the Northern District of Illinois.

On the basis of the papers filed and the hearing session held, we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation. Although the actions appear to share some factual questions relating to allegations that Uber violated the TCPA by sending unsolicited text messages to plaintiffs, the record indicates that several actions present significant individualized factual issues concerning the issue of consent[3] and the applicability of allegedly mandatory arbitration agreements to certain plaintiffs. Additionally, the procedural disparity between the actions likely would prevent significant

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] There were eleven actions listed on plaintiff's motion for centralization, but three actions have been terminated since the filing of the motion.

[2] The Panel has been notified of two related actions in the Northern District of California.

[3] Some but not all plaintiffs allegedly have relationships with Uber as driver applicants, passengers, and other users of the Uber smartphone app. These alleged relationships likely will raise case-specific issues as to whether such plaintiffs provided consent to the alleged text messages.

-2-

efficiencies from being achieved. The first-filed action (*Lathrop*) has been in discovery for well over a year, including completion of two Rule 30(b)(6) depositions, and class certification briefing is poised to commence. Of the three other actions that have been pending over a year, one is in discovery (*Vergara*), one is stayed pending a judicial decision from another court (*Kolloukian*), and one recently settled and is awaiting dismissal (*Kafatos*). In contrast, the remaining pending actions were filed within the past five months and remain at the initial stages of litigation.

In our view, informal cooperation among the parties is a practicable and preferable alternative to centralization.[4] Uber is the sole defendant in this litigation and represents that it is willing to engage in informal coordination to avoid duplicative discovery and pretrial motions. The number of actions and involved districts also are limited, as there are only eight actions on the motion pending in five districts and two related actions, both filed in the Northern District of California. Moreover, the cases here already are being managed in an orderly and efficient manner, and the issues presented in this TCPA litigation are not unusually complex. Further, though we express no opinion on the viability of such relief, the parties may wish to consider seeking a stay, dismissal or transfer of later-filed cases raising duplicative issues under the "first-to-file rule" to streamline this litigation.[5]

IT IS THEREFORE ORDERED that the motion for centralization of the actions listed on Schedule A is denied.

---

[4] *See, e.g., In re: Sirius XM Radio Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, 118 F. Supp. 3d 1376, 1376 (J.P.M.L. 2015) (denying centralization in favor of "informal cooperation among the involved attorneys and courts" where there was procedural disparity among the actions and a limited number of actions and involved districts).

[5] *See In re: Quaker Oats Maple & Brown Sugar Instant Oatmeal Mktg. and Sales Practices Litig.*, — F. Supp. 3d —, 2016 WL 3101830, at *1 & n.4 (J.P.M.L. June 2, 2016) ("The 'first-to-file rule' is a doctrine of federal comity, pursuant to which, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap.") (citations and internal quotation marks omitted).

-3-

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles A. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

IN RE: UBER TECHNOLOGIES, INC., TELEPHONE
CONSUMER PROTECTION ACT (TCPA) LITIGATION      MDL No. 2733

## SCHEDULE A

<u>Central District of California</u>

KOLLOUKIAN v. UBER TECHNOLOGIES, INC., C.A. No. 2:15-02856

<u>Northern District of California</u>

LATHROP, ET AL. v. UBER TECHNOLOGIES, INC., C.A. No. 3:14-05678
KAFATOS v. UBER TECHNOLOGIES, INC., C.A. No. 3:15-03727

<u>Southern District of Florida</u>

SHAVER v. UBER TECHNOLOGIES, INC., C.A. No. 1:16-22067

<u>Northern District of Illinois</u>

VERGARA v. UBER TECHNOLOGIES, INC., C.A. No. 1:15-06942
JOHNSON v. UBER TECHNOLOGIES, INC., C.A. No. 1:16-05468
CALMESE v. UBER TECHNOLOGIES, INC., C.A. No. 1:16-06277

<u>Western District of Texas</u>

CUBRIA v. UBER TECHNOLOGIES, INC., C.A. No. 1:16-00544